```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

NEW JERSEY DEPARTMENT  
OF ENVIRONMENTAL PROTECTION   :   Civil Action No. 06-2612(NLH)  
and THE ADMINISTRATOR OF THE  
NEW JERSEY SPILL  
COMPENSATION FUND,  

       Plaintiffs,  

       v.   :   **OPINION**  

MINNESOTA MINING &  
MANUFACTURING COMPANY,  
ROHM & HAAS COMPANY,  
HERCULES, INC., and  
THE DIAL CORPORATION,  

       Defendants.  

**APPEARANCES:**

Leonard Z. Kaufmann, Esquire  
Barry A Knopf, Esquire  
Cohn, Lifland, Pearlman, Herrmann & Knopf, Esqs  
Park 80 Plaza West One  
Saddle Brook, NJ 07662  

Scott Evan Kauff, Esquire  
Law Offices of John K. Dema P.C.  
11300 Rockville Pike  
Suite 112  
Rockville, MD 20852  

Brendan E. Ruane, Esquire  
Office of the NJ Attorney General  
Rj Hughes Justice Complex  
25 Market Street  
Po Box 112  
Trenton, NJ 08625  

    *Attorneys for Plaintiffs*

D.J. Camerson II, Esquire  
David W. Reger, Esquire  
Karen E. Murphy, Esquire  
Bressler, Amery & Ross, Esqs.  
325 Columbia Turnpike  
Florham Park, NJ 07932

*Attorney for Defendant Minnesota Mining & Manufacturing*

Geraldine Edens, Esquire
Peter L. Gray, Esquire
Elizabeth Koniers Brown, Esquire
Irvin M Freilich, Esquire
Robertson, Freilich, Bruno & Cohen, LLC
1 Riverfront Plaza
4th Floor
Newark, NJ 07102

*Attorneys for Rohm & Haas Company and The Dial Corporation*

Christopher R. Gibson, Esquire
David F. Edelstein, Esquire
Archer & Greiner, PC
One Centennial Square
PO Box 3000
Haddonfield, NJ 08033-0968

*Attorney for Hercules, Inc.*

**HILLMAN**, District Judge

This matter has come before the Court on Plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c).  For the reasons expressed at oral argument and below, Plaintiffs' motion will be granted.

## BACKGROUND

This case involves contaminated property called the Woodland Dump Site, which consists of two parcels of land totaling thirty-two acres located on Route 532 and Route 72 in Woodland Township, Burlington County, New Jersey.  Defendants and their predecessors contaminated the site from the 1950s through the mid-1960s.  Groundwater contamination from that site encompasses 425 acres.

State and federal oversight of the site started in 1979.  In 1990, the EPA, with Plaintiff NJDEP's concurrence, issued a

Record of Decision (ROD), which documented the preferred remedy to address the contamination pursuant to CERCLA.[1]  Since 1990, Defendants have been performing remediation of the site.

On February 17, 2006, NJDEP filed a lawsuit against Defendants in New Jersey state court, Burlington County, seeking reimbursement of the cleanup and removal costs and damages resulting from Defendants' contamination under the New Jersey Spill Act and New Jersey common law for public nuisance and trespass.  Defendants removed the case to this Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, claiming (1) that under the well-pleaded complaint rule, Plaintiffs have asserted a federal question, and (2) that CERCLA completely preempts Plaintiffs' claims.[2]  Plaintiffs have filed the instant motion for remand, arguing that the Complaint does not present a substantial federal question and CERCLA does not preempt their claims.  Oral argument was held on March 16, 2007.

## **DISCUSSION**

Removal of a case from state to federal court is governed by

---

[1] Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 et seq.

[2] It appears that Defendants' notice of removal focused on "complete preemption," without specifically mentioning the "well-pleaded complaint rule."  Because Defendants subsequently rely on the "well-pleaded complaint rule" as the basis for jurisdiction, and considering that the two theories are analytically intertwined, the Court considers that Defendants' removal of Plaintiffs' Complaint is pursuant to both theories.

28 U.S.C. § 1441.  Section 1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored.  Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  This policy "'has always been rigorously enforced by the courts.'"  Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).  Parties may not confer subject matter jurisdiction by consent, Samuel-Bassett, 357 F.3d at 396, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded,"  28 U.S.C. § 1447(c).

Defendants make interrelated arguments to support their contention that this Court has jurisdiction over Plaintiffs' case.  With regard to whether a federal question arises on the face of Plaintiffs' Complaint, Defendants argue that the state law Complaint may be removed to this Court based on the well-pleaded complaint rule--i.e., the Complaint raises a substantial federal question.  Defendants also argue that this Court has jurisdiction to hear Plaintiffs' case because CERCLA completely preempts the state law claims.  On a different tact, Defendants argue that the Court has exclusive jurisdiction under CERCLA section 113(b) to adjudicate all controversies involving CERCLA cleanups.  These arguments are inextricably intertwined and must

be considered together instead of in turn.

A federal question case is one "'arising under the Constitution, laws, or treaties of the United States.'" Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

In Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983), the Supreme Court "referred to two situations where federal jurisdiction could be available even though plaintiff based its claim in state court on state law: (1) when it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims or (2) when it appears that plaintiff's claim is 'really' one of federal law." Goepel v. National Postal Mail Handlers Union, a Div. of LIUNA, 36 F.3d 306, 310 (3d Cir. 1994) (quoting Franchise Tax Bd., 463 U.S. at 13) (other citations omitted). Based on its review of Franchise Tax and other Court precedent, the Third Circuit articulated its own test for

5

complete preemption, instructing that a state claim is completely preempted (1) "when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate" and (2) "where there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law."  Id. (citing Allstate Ins. Co. v. The 65 Security Plan, 879 F.2d 90, 93 (3d Cir. 1989)).

More recently, the Supreme Court in Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9 (2003) modified the "complete preemption" analysis by holding that, as to the second prong, "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable."  Thus, under Anderson, the standard for the removal of state claims to federal court is:

> [A] state claim may be removed to federal court in only
> two circumstances--when Congress expressly so provides,
> . . ., or when a federal statute wholly displaces the
> state-law cause of action through complete pre-emption.

Anderson, 539 U.S. at 8.

Neither party addressed specifically the Anderson standard for removal.  Instead, Defendants argue that under the general well-pleaded complaint rule, Plaintiffs' Complaint raises a substantial federal question.  Defendants also argue that Plaintiffs' claims are completely preempted by CERCLA.

6

Plaintiffs address the first <u>Anderson</u> test in a footnote in their reply brief, and argue that CERCLA does not provide a substitute to their state law claims.  Plaintiffs contend that regardless of the first test, however, remand is necessary because Congress did not intend for Plaintiffs' claims to be removable.

No matter which removal standard is applied, the case must be remanded.  First, as comprehensively explained by Chief Judge Garrett Brown in <u>New Jersey Dept. of Environmental Protection v. Occidental Chemical Corp.</u>, 2006 WL 2806231, at *8 (D.N.J. Sept. 28, 2006), Congress did not intend for state claims arising out of a contaminated site operating under an EPA remedial cleanup plan to be completely preempted by CERLCA.  Judge Brown explained that section 113(b) of CERCLA[3] "provides for exclusive federal jurisdiction of claims arising under CERCLA--it does not address whether cases based exclusively on state law claims should also be subject to federal jurisdiction."  <u>Occidental</u>, 2006 WL 2806231, at *8.  Judge Brown also noted that section 114(a) of CERCLA refers specifically to the states, and provides, "Nothing in this chapter shall be construed or interpreted as preempting any State from imposing any additional liability or requirements

---

[3]"Except as provided in subsections (a) and (h) of this section, the United States district courts shall have exclusive original jurisdiction over all controversies arising under this chapter, without regard to the citizenship of the parties or the amount in controversy." 42 U.S.C. § 9613(b).

with respect to the release of hazardous substances within such State." Id. (quoting 42 U.S.C. § 9614(a)).  He further noted that with respect to liability for response costs, section 107(j) provides, "Nothing in this paragraph shall affect or modify in any way the obligations or liability of any person under any other provision of State or Federal law, including common law, for damages, injury, or loss resulting from a release of any hazardous substance or for removal or remedial action or the costs of removal or remedial action of such hazardous substance." Id. (quoting 42 U.S.C. § 9607(j)).

After reviewing the Supreme Court's treatment of the complete preemption doctrine, Judge Brown determined that in light of the language contained in CERLCA's civil enforcement provisions and the provisions expressly permitting claims based on state law, and in the absence of any reference to CERCLA's legislative history, the defendants failed to demonstrate that Congress intended to permit removal of actions based exclusively on state law.[4]  Id.  Accordingly, Judge Brown held that the

---

[4]Judge Brown distinguishes two out-of-jurisdiction cases also advocated by Defendants here, North Penn Water Authority v. BAE Systems, No. Civ. A. 04-5030, 2005 WL 1279091 (E.D. Pa. 2005) and Fort Ord Toxics Project, Inc. v. California Environmental Protection Agency, 189 F.3d 828 (9th Cir. 1999).  This Court adopts Judge Brown's analysis that these two cases are distinguishable because the courts did not consider the Third Circuit's standard of complete preemption.

Defendants also rely on a Tenth Circuit case, New Mexico v. General Elec. Co., 467 F.3d 1223, 1237 (10th Cir. 2006).  This

plaintiffs' claims were not completely preempted by CERCLA, and ordered remand. Id. at *10. Judge Brown further noted that although the defendants may ultimately prevail on the issue of whether CERCLA preempts the plaintiffs' state law claims, "that issue must be left for determination by the state court on remand." Id. (quoting Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co., 858 F.2d 936, 939 (3d Cir. 1988)).

Applying Judge Brown's analysis here yields the same result. Defendants attempt to distinguish the Occidental case, however. They argue that it does not apply because (1) Judge Brown did not consider the "substantial federal question" well-pleaded

---

case is distinguishable as well. There, the plaintiffs brought two complaints--one against private defendants under state law, and the other in federal court against the State of New Mexico. The state court action was removed to federal court. After a year of extensive discovery, the plaintiffs filed a motion to dismiss its CERCLA claim as well as all the federal defendants, and also moved for remand. The district court granted the state plaintiffs' motion to dismiss their CERCLA claims and the federal defendants, but it denied their motion for remand. The court explained that "the remaining claims inescapably must be defined in terms of the CERCLA remedy and the scope and extent of the ongoing CERCLA remediation," and that "considerations of economy and convenience in a case over three years old weighed in favor of retaining jurisdiction over the state law claims." Id. By this time, the plaintiffs had narrowed their claim for damages to those "not recoverable under CERCLA for groundwater contamination," and by doing so, the "core of the controversy" between the parties had become the intended scope of CERCLA-mandated remedial efforts. Id. at 1240. Thus, this case is distinguishable because of its particular procedural posture, as well as the fact that the CERCLA remediation was directly challenged, which Plaintiffs here have not done.

complaint rule, (2) there is a CERCLA remediation plan in place that was not in place in Occidental, and (3) NJDEP is asking to compel Defendants to do further cleanup, rather than just asking for money damages, as was the case in Occidental.  Each of these arguments is unavailing.

Defendants have most-vigorously argued their first position, the analysis of which also addresses their other two positions.  At oral argument, Defendants repeatedly stressed that this case must stay in federal court because "everything about this site is federal"--it is a "federal site completely defined by federal law."  (Tr. at 16, 36.)  Defendants urge the Court to consider that the "federal goals" of CERCLA are to "insure consistency of the entire cleanup under CERCLA," and that on the face of Plaintiffs' Complaint they have "raised a challenge to this remedy."  (Tr. at 11-12.)

The Court acknowledges that the site is operating under a federal remediation plan, and that consistency of cleanup is an important consideration.  Defendants have not demonstrated, however, how Plaintiffs' state law claims can "squeeze into the slim category" of cases that are removable based on the well-pleaded complaint rule.  See Empire Healthchoice Assur., Inc. v. McVeigh, 126 S. Ct. 2121, 2137 (2006) (discussing Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312 (2005)).  In Grable, the Supreme Court recognized that "for

nearly 100 years . . . in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable, 545 U.S. at 312. The Grable Court further explained, however, that it has "never treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." Id. at 314. The question is instead, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.

For example, the Grable Court found that the case before it warranted federal jurisdiction because the plaintiff had premised its superior title claim on a failure by the IRS to give it adequate notice, which was defined by federal law. Id. The Court explained that whether the plaintiff was given notice within the meaning of the federal statute was the essential element of its quiet title claim. Id. The meaning of the federal statute was actually in dispute, and it was the only

11

legal or factual issue contested in the case. Id. at 315. Thus, the Court held that "the meaning of the federal tax provision was an important issue of federal law that sensibly belong[ed] in a federal court." Id.

In contrast, the Court in Empire Healthchoice determined that the case filed in federal court did not present a substantial federal question under the well-pleaded complaint rule. There, a federally-funded health plan sued its enrollee in federal court pursuant to 28 U.S.C. § 1331 in order to recoup medical expenses it paid when the enrollee received a settlement as a result of a state court tort action. Empire, 126 S. Ct. at 2128. The enrollee filed a motion to dismiss for lack of subject matter jurisdiction, arguing that there was no federal question. Id. The district court dismissed the action, and the court of appeals affirmed. Id.

The Supreme Court affirmed as well, holding, with regard to the well-pleaded complaint argument, that the case did "not fit within the special and small category" provided by Grable. Id. at 2136. The Court acknowledged the United States' argument that a substantial federal question existed because the United States "has an overwhelming interest in attracting able workers to the federal workforce," and "in the health and welfare of the federal workers upon whom it relies to carry out its functions," but determined that those interests "do not warrant turning into a

discrete and costly 'federal case' an insurer's contract-derived claim to be reimbursed from the proceeds of a federal worker's state-court-initiated tort litigation." Id.

Here, Plaintiffs' state law Complaint is more like the situation in Empire, and unlike the situation in Grabel. Where Grabel concerned the interpretation of federal law in order to decide the state law claim, the interpretation of federal law is not the lone consideration in deciding Plaintiffs' state law claims in this case. Even though Plaintiffs' state law Complaint presents a federal issue in the sense that their claims concern a federally-monitored contaminated site, it does not raise a disputed and substantial issue concerning CERCLA.

Defendants argue, however, that Plaintiffs' request for further remediation is inconsistent with CERCLA, and in order to find out what is consistent or inconsistent with CERCLA, the statute must be considered. Because the statute must be considered to determine whether Plaintiffs are entitled to their requested relief, Defendants argue that CERCLA is a substantial federal question arising out of Plaintiffs' Complaint.

To counter that argument, Plaintiffs explain that they are not seeking any relief that is inconsistent with CERCLA. Plaintiffs contend that they are not seeking relief that questions the current remediation and they do not wish to modify, supplement, or make any changes to the current remedy. Instead,

13

Plaintiffs' claims seek restoration of the site, which is different from the current CERCLA remediation plan. The remediation plan involves the costs to remediate the contamination to meet a regulatory standard, while Plaintiffs' claims for natural resource damages seek to restore the site to its pre-discharge condition.

As was discussed by Judge Brown in <u>Occidental</u>, Congress did not intend for state claims arising out of a contaminated site operating under a CERCLA remediation plan to be completely preempted by CERLCA. <u>Occidental</u>, 2006 WL 2806231, at *8; <u>see also</u> <u>New Jersey Dept. of Environmental Protection v. Exxon Mobil Corp.</u>, 923 A.2d 345, 359 (N.J. Super. Ct. App. Div. 2007) (finding a clear legislative recognition of the NJDEP's "authority to seek compensation not just for physical injury to natural resources, but also for the loss of the benefits they provide"). "If Congress intends a preemption instruction completely to displace ordinarily applicable state law, and to confer federal jurisdiction thereby, it may be expected to make that atypical intention clear." <u>Empire</u>, 126 S. Ct. at 2135.

Thus, because CERCLA allows for Plaintiffs to proceed with their state law claims concurrently with a CERCLA remediation plan in place, Defendants' argument that Plaintiffs' claims inherently conflict with the CERCLA remedy to the extent that it

raises a substantial issue of law is without merit.[5]  Indeed, to hold otherwise would prevent any state from bringing a claim against parties involved in a CERCLA cleanup until the completion of the CERCLA remediation, a result which would be contrary to the plain language of CERCLA, see 42 U.S.C. § 9614(a), and it would disturb the congressionally approved balance of federal and state judicial responsibilities, Grable, 545 U.S. at 314. Further, with regard to Defendants' concerns that Plaintiffs' requested relief could potentially conflict with the CERCLA remediation, the state court judge assigned the case would be competent to apply federal law to the extent that it is relevant, and would seem best positioned to interpret whether Plaintiffs are entitled to relief under the New Jersey Spill Act and New Jersey common law.  See Empire, 126 S. Ct. at 2137; Railway Labor, 858 F.2d at 939.

One final issue is Defendants' contention that Plaintiffs' request for injunctive relief would directly conflict with the CERCLA remediation plan.  Plaintiffs have stipulated that they will not seek injunctive relief.  Defendants argue that Plaintiffs cannot make such a stipulation in order to support their motion for remand.  Regardless if Plaintiffs' injunctive

---

[5]Conflicts between federal law and state law may establish a defense of conflict preemption, but do not provide a basis for removal under the doctrine of complete preemption.  See Catepillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

15

relief remains a viable claim, however, that claim alone is not sufficient to deem Plaintiffs' Complaint as raising a substantial federal question warranting federal jurisdiction as urged by Defendants.  Furthermore, as just discussed, the state court judge will have the ability to address that issue if it arises.

## CONCLUSION

Even though Plaintiffs could have brought claims pursuant to CERCLA, they are the master of their Complaint, and are appropriately seeking damages pursuant to state law as contemplated by Congress when it enacted CERCLA.  Plaintiffs have not directly challenged the CERCLA remediation, and the interpretation of CERCLA is not essential to Plaintiffs' claims.  As such, Plaintiffs' Complaint does not raise a substantial federal question on its face, and Defendants have not demonstrated that CERCLA completely preempts Plaintiffs' state law claims.  Based on these findings, and in consideration that section 1441 is to be strictly construed against removal, it is apparent that this Court lacks subject matter jurisdiction over Plaintiffs' Complaint, and it must therefore be remanded to state court.  An appropriate Order will be entered.


Dated: July 5, 2007                    s/ Noel L. Hillman

At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.